UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JASON SANDERS AND RODNEY SAULS, SR., <br> *Plaintiffs*, <br><br> V. <br><br> SKY TRANSPORT LLC, SAID NOOR BARROW AND CABDULLAHI AXMED CUSMAN <br><br> *Defendants.* | § § § § § § § § § | No: 1:20-CV-203 <br><br> *Jury Trial Requested* |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs, Jason Sanders and Rodney Sauls, Sr. file this Original Complaint against Defendants Sky Transport LLC, Said Noor Barrow, and Cabdullahi Axmed Cusman. Specifically, Plaintiffs submit the following:

## PARTIES

1. Plaintiffs, Jason Sanders and Rodney Sauls, Sr. ("Plaintiffs") are citizens of the State of Texas who currently reside in Harris County, Texas.

2. Defendant Sky Transport LLC ("Sky Transport") is an Ohio limited liability company, with its principal place of business located at 3467 Orange House, Columbus, Ohio 43219. Sky Transport LLC may be served via its registered agent, Said Noor Barrow, 2168 Albert Avenue, Apt. 1D, Columbus, Ohio 43224

3. Defendant Said Noor Barrow ("Barrow") is a citizen of the State of Ohio who resides at 2168 Albert Avenue, Apt. 1D, Columbus, Ohio 43224. He may be served with process at that address.

4. Defendant Cabdullahi Axmed Cusman ("Cusman") is a citizen of the state of Minnesota who resides at 6300 York Avenue S., Apt. 101, Edina, Minnesota 55435. He may be served with process at that address.

## VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because this suit involves a controversy between parties of diverse citizenship and the amount in controversy that exceeds $75,000.

6. Venue is proper in this District pursuant to §1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred within this District and because caused harm Plaintiffs suffered harm in this District as a consequence of Defendants' conduct.

## FACTS APPLICABLE TO ALL CLAIMS

7. This case exposes the danger and damage that results from needless violations of traffic laws and the standard of care by 18-wheeler owners and operators.

8. At approximately 2:30 AM on September 19, 2019, Plaintiffs Sanders and Sauls were working as a two-man team driving a commercial vehicle for non-party US Cryo Carriers LLC, of Houston, Harris County, Texas. Plaintiffs are experienced, reliable commercial vehicle drivers who are compensated handsomely for their expertise and hard work.

9. Plaintiffs were driving south in the right lane on US Highway 59 in Liberty County, Texas. Because it was raining heavily, driving conditions were poor and there was a construction zone. As should be expected of any reasonable commercial driver, Plaintiffs

exercised additional care under those circumstances in operating the commercial vehicle they were driving.

10. In stark contrast to Plaintiffs, the 18-wheeler driven by Defendant Barrow decided to speed and operate recklessly – despite the deteriorating road and weather conditions. As a consequence, Defendants' 18-wheeler rig slammed into the vehicle driven by Plaintiffs.

11. Consistent with standard practice, law enforcement personnel investigated the September 19, 2019, collision. As a result of this investigation, Defendant Barrow was cited for causing the collision. More specifically, he was issued a citation for failure to control his speed, because defendant excessively exceeded the speed limit.

12. Plaintiff Sanders, who was in the bed in the cab at the time, was violently thrown from his bed as a result of the collision, which resulted in significant injuries. Plaintiff Sauls, who was driving, also sustained serious shoulder, neck, and back injuries.

## CAUSES OF ACTION

### *Negligence*

13. Plaintiffs incorporate by reference, and for all purposes, all previous paragraphs from this complaint as if fully re-stated herein.

14. At all relevant times, Defendant Barrow, was acting within the course and scope of his employment for Sky Transport. Alternatively, Sky Transport and Defendant Cusman negligently entrusted their vehicle/trailer to this individual, who was also acting as Sky Transport's agent at the time of the incident giving rise to this lawsuit.

15. Defendants Sky Transport, Barrow, and Cusman owed Plaintiffs a legal duty

of care to act reasonably and with ordinary care as outlined above. Further, Sky Transport's conduct, via the doctrines of respondeat superior and agency, constitutes negligence *per se* because the individual operating the vehicle that struck Plaintiffs was acting within the course and scope of his employment at the time the incident giving rise to this suit occurred.

16. Defendants Sky Transport, Barrow and Cusman breached their legal duty of care to Plaintiffs by failing to act with ordinary care as outline above by, among other things:

   a. Failing to drive at a reasonable speed considering the road conditions present on September 19, 2019;

   b. Failing to avoid a collision with Plaintiffs;

   c. Exceeding the posted speed limit;

   d. Failing to operate their vehicle in a reasonable manner; and

   e. Failure to follow applicable traffic laws.

17. The breach of the duty of care by Sky Transport, Barrow and Cusman has caused Plaintiffs' injuries as outlined above.

18. Plaintiffs have suffered damages as a result of the conduct of defendants.

### *Negligence Per Se*

19. Plaintiffs incorporate by reference, and for all purposes, all previous paragraphs into this section.

20. At all relevant times, Said Noor Barrow, was acting within the course and scope of his employment for Sky Transport. Alternatively, Sky Transport and Cusman negligently entrusted their vehicle to this individual, who was also acting as Sky Transport's agent at the time of the incident giving rise to this lawsuit.

21. Sky Transport's conduct, via the doctrines of respondeat superior and agency, constitutes negligence *per se* because it violated the following Texas statutory provisions:

22. Section 545.351(b)(2) of the *Texas Transportation Code*, which requires that an operator control their speed to avoid colliding with another vehicle.

23. Section 545.352 of the *Texas Transportation Code*, which provides a speed in excess of posted speed limit is *prima facie* evidence the speed is not reasonable and prudent.

## *Gross Negligence*

24. Plaintiffs incorporate by reference, and for all purposes, all previous paragraphs into this section.

25. The conduct of all defendants involved an extreme degree of risk, considering the probability and magnitude of harm to others. Nonetheless, the defendants consciously disregarded this risk, which caused Plaintiffs' substantial damages and injuries.

## JURY DEMAND

26. Pursuant to *Federal Rule of Civil Procedure* 38(b), Plaintiffs demand a trial by jury of all claims presented in this Complaint.

## DAMAGES & PRAYER

27. Based on the foregoing, Plaintiffs Jason Sanders and Rodney Sauls, Sr. respectfully request the Court cite Defendants, Sky Transport LLC, Said Noor Barrow and Cabdullahi Axmed Cusman, to appear and answer this lawsuit. Plaintiffs also request,

upon trial in this matter, the Court enter judgment allowing recovery of all damages allowed by law, including:

a. Past and future medical expenses;

b. Compensation for past and future pain, mental anguish, and emotional distress;

c. Past and future lost earnings;

d. Exemplary damages;

e. Pre- and post-judgment interest at the highest rates allowed by law;

f. Costs of Court; and

g. All other relief to which they may be entitled.

Respectfully submitted,

**FERNELIUS SIMON MACE ROBERTSON PERDUE PLLC**

/s/ *Stephen M. Fernelius*
Stephen M. Fernelius
State Bar No. 06934340
steve.fernelius@trialattorneytx.com
Joel C. Simon
State Bar No. 24046850
joel.simon@trialattorneytx.com
Ryan M. Perdue
State Bar No. 24046611
ryan.perdue@trialattorneytx.com
4119 Montrose, Suite 500
Houston, Texas 77006
Telephone: 713-654-1200
Fax: 713-654-4039
**ATTORNEYS FOR PLAINTIFFS**