**UNITED STATES DISTRICT COURT**     **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JASON M. SANDERS and | § | |
| RODNEY SAULS, SR., | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO.1:20-CV-203 |
| | § | |
| SKY TRANSPORT, LLC, and | § | |
| SAID NOOR BARROW, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendants Sky Transport, LLC ("Sky Transport") and Said Noor Barrow's ("Barrow") (collectively, "Defendants") Motion to Exclude Officer Michael Trevor Whatley's Texas Peace Officer's Report from Evidence (#36).  Plaintiffs Jason Sanders and Rodney Sauls, Sr. ("Plaintiffs"), filed a response (#44).  Having considered the pending motion, the submissions of the parties, and the applicable law, the court is of the opinion that the motion should be granted in part and denied in part, as follows.

I.    Background

This lawsuit arises out of a motor vehicle accident between two commercial motor vehicles (tractor-trailer rigs) that occurred during the early morning hours of September 19, 2019.  At the time of the incident, Plaintiffs were team drivers for U.S. Cryo Carriers, Inc.  Sauls was driving, and Sanders was asleep in the sleeping compartment of a U.S. Cryo Carriers, Inc., truck.  The other vehicle was driven by Defendant Barrow, the sole owner of Sky Transport.  Both vehicles were southbound on U.S. Highway 59 near Shepherd, Texas.  Plaintiffs' truck encountered

standing water, which splashed onto Barrow's windshield.  As a result, Barrow felt his truck hydroplane to the right, causing it to clip the driver's side mirror of Plaintiffs' truck.  Barrow's vehicle continued into the right lane after the impact and came to a stop on the right side of the road in high water.  Plaintiffs' vehicle slowed and pulled into a nearby gas station.

Trooper Michael Trevor Whatley ("Whatley") arrived at the scene about an hour later. It is undisputed that he was not present when the incident occurred and that he did not observe the accident.  Defendants assert that Whatley spoke to each driver at the scene and subsequently wrote his report based on the drivers' statements.  The report, however, does not contain specific statements attributed to any party to the lawsuit.  Barrow was issued a traffic citation for unsafe speed, which was later dismissed.

In the instant motion, Defendants seek to exclude the admission of Whatley's report as inadmissible hearsay.  Specifically, they assert that it constitutes hearsay within hearsay because the information contained therein is based on statements made to Whatley by Plaintiffs and Barrow at the scene.  Defendants further contend that the report is untrustworthy because "it contains unsupported conclusions" and because Whatley's "opinion is a mere guess as to how he thinks the accident occurred."  Plaintiffs counter that the report is admissible under the hearsay exception for a statement of a party opponent, Federal Rule of Evidence 801(2), to the extent that it relies on statements made by Barrow.

II.    Analysis

Under the Federal Rules of Evidence, hearsay, defined as any statement not made by a person while testifying in the current trial or hearing and that is offered to prove the truth of the matter asserted, is inadmissible.  FED. R. EVID. 801(c), 802.  The exception in Federal Rule of

Evidence 803(8), however, provides that a record or statement is admissible if it sets out "factual findings from a legally authorized investigation" and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." FED. R. EVID. 803(8); *United States v. Noria*, 945 F.3d 847, 852 (5th Cir. 2019).

Police reports are generally admissible under Rule 803(8) as public records that set forth factual findings from a legally authorized investigation. *Bedford Internet Off. Space v. Travelers Ins. Casualty Co.*, 41 F. Supp. 3d 535, 544 (N.D. Tex. 2014); *accord Robert v. Maurice*, No. 18-11632, 2020 WL 4043097, at *6 (E.D. La. July, 17, 2020); *Ochoa v. Progressive Pipeling Construction, L.L.C.*, No. SA-13-CV-00122-FB, 2014 WL 12873124, at *2 (W.D. Tex. Sept. 12, 2014).  "Certain information in a police report, however, such as witness statements offered to prove the truth of the matter asserted, are 'hearsay within hearsay' and are inadmissible unless each level of hearsay qualifies under one of the hearsay exceptions." *Bedford Internet Off. Space*, 41 F. Supp. 3d at 544 (citing *Reliastar Life Ins. Co. v. Thompson*, No. M-07-140, 2008 WL 4327259, at *4 (S.D. Tex. Sept. 16, 2008)); *see* FED. R. EVID. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").  Public records, including police reports, "are presumed to be trustworthy and admissible; therefore, it is the burden of the party opposing admission to demonstrate a lack of trustworthiness." *Bedford Internet Off. Space*, 41 F. Supp. 3d at 544; *Ochoa*, 2014 WL 12873124, at *2.  "The trustworthiness of a report admitted under [Rule 803(8)] depends on whether the report was compiled or prepared in a way that indicates that its conclusions can be relied upon." *Bedford Internet Off. Space,* 41 F. Supp. 3d at 544 (citing *Moss v. Ole South Real Estate, Inc.*, 933 F.3d 1300, 1305 (5th Cir. 1991)).

3

Portions of police reports "that reflect the officers' first-hand observations based on their investigations and experience are admissible." *Bedford Internet Off. Space,* 41 F. Supp. 3d at 544; *see Robert*, 2020 WL 4043097, at *6; *Reliastar Life Ins. Co.*, 2008 WL 4327259, at *4. Information not based on the reporting officer's personal knowledge, however, constitutes hearsay within hearsay and does not fall under the Rule 803(8) hearsay exception. *Ochoa*, 2014 WL 12873124, at *2; *see Automatique New Orleans, Inc. v. U-Select-It, Inc.*, No. 94-3179, 1995 WL 569226, at *3 (E.D. La. Sept. 25, 1995) (holding a police report was inadmissible because the officer who wrote the report "did not observe anything but merely recorded the observations of another person."); FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). "[T]he Fifth Circuit has consistently excluded the portions of police reports that contained the officer's opinions and conclusions." *Meyer v. Jencks*, 513 F. Supp. 3d 706, 709 (E.D. La. 2021); *Fox v. Nu Line Transport, LLC*, 2020 WL 1536531, at *2 (W.D. La. Mar. 32, 2020); *see Robert*, 2020 WL 4043097, at *6 ("[P]ortions of [a] police report . . . referencing fault should be redacted [when a police officer] is not testifying as an expert witness.").

Here, portions of the information in Whatley's report, namely, the description and diagram of how the accident occurred, are based on statements made to him by Plaintiffs and Barrow. These portions contain descriptions of events that Whatley did not personally observe and that were relayed to him post-accident. It is apparent that Whatley merely recorded his interpretation of Barrow's and Plaintiffs' descriptions of the incident. Thus, the accident description and diagram are not admissible to the extent that Whatley lacked personal knowledge of the event. Whatley's first-hand observations contained in the report, however, are admissible. Further, as

the police report does not contain specific statements made by any party to the lawsuit, the court

rejects Plaintiffs' argument that the report is admissible under Federal Rule of Evidence 801(2)'s

hearsay exception for a statement by a party opponent.

Furthermore, Whatley's report contains information regarding the identity of the parties'

liability insurers.  Federal Rule of Evidence 411 provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.  But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

FED. R. EVID. 411; *Johnson v. Lopez-Garcia*, No. 20-2024, 2021 WL 3630109, at *1 (E.D. La.

Aug. 17, 2021); *Dempster v. Lamorak Ins. Co.*, No. 20-95, 2020 WL 5659546, at *2 (E.D. La.

Sept. 21, 2020).  Here, Defendants admit that Barrow was operating his truck in the course and

scope of his employment by Sky Transport and that Sky Transport is vicariously liable for the

conduct of Barrow.  Thus, evidence of liability insurance is not necessary to prove agency,

ownership, or control.  There is also nothing to indicate that such evidence is necessary to prove

bias or prejudice in this case.  Moreover, the admission of evidence of liability insurance would

violate the court's ruling on Plaintiffs' and Defendants' 1st Motions in Limine, both of which the

court has granted.  Therefore, the portions of the report indicating that the parties were insured

at the time of the accident are inadmissible.

Whatley's report also contains a reference to the traffic citation Barrow received in

connection with the accident.  In federal court, evidence that one party to an automobile accident

was issued a traffic citation or paid a fine pursuant to a traffic ticket is inadmissible if the party

pleaded no contest to the citation or it was dismissed.  FED. R. EVID. 410 (stating that a nolo

contendere plea is not admissible against the party who made the plea in a civil case); *Meyer*, 513

F. Supp. 3d at 708; *Robert*, 2020 WL 4043097, at *6; *Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 WL 3505091, at *4 (E.D. La. June 3, 2015) (stating that federal courts "[a]ll agree that evidence of a traffic citation is only admissible if the defendant pleaded guilty to the citation."); *Rhodes v. Curtis*, No. 04-476-P, 2006 WL 1047021, at *2 (E.D. Okla. Apr. 12, 2006) ("Evidence of traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty."); *see Hillyer v. David Phillips Trucking Co.*, 606 F.2d 619, 620 (5th Cir. 1979) ("Defendants concede that the [traffic] ticket was only admissible if [the defendant] made an admission against interest acknowledging that she was guilty of the charge.) Here, there is no indication that Barrow pleaded guilty to the citation. Indeed, the citation was dismissed. Therefore, evidence of the traffic citation is inadmissible.

In sum, the court concludes that Whatley's report is admissible, but only to the extent that it is based on Whatley's personal observations, and that the portions based on the statements of others, referencing the parties' insurance coverage, and mentioning Barrow's citation are redacted.

III.   Conclusion

Consistent with the foregoing analysis, Defendants' Motion to Exclude Officer Michael Trevor Whatley's Texas Peace Officer's Report from Evidence (#36) is granted in part and denied in part. Plaintiffs are ordered to redact the report consistent with the version attached hereto as Exhibit A.

SIGNED at Beaumont, Texas, this 1st day of November, 2021.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

6



**Texas Department of Transportation**

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8588 | WWW.TXDOT.GOV

Sun, 26 January 2020

STATE OF TEXAS          §

This is to certify that I, Jim Hollis, am employed by the Texas Department of Transportation (Department); that I am the Custodian of Motor Vehicle Crash Records for such Department; that the attached is a true and correct copy of the peace officer's report filed with the Department referred to in the attached request with the crash date of Thu, 19 September 2019, which occurred in Liberty County; that the investigations of motor vehicle crashes by peace officers are authorized by law; that this Texas Peace Officer's Crash Report is required by law to be completed and filed with this Department; that this report sets forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.



Jim Hollis
Director, Crash Data & Analysis Section
125 East 11th Street
Austin, TX  78701-2483
1-844-274-7457



OUR VALUES: *People • Accountability • Trust • Honesty*
OUR MISSION: *Connecting You With Texas*

An Equal Opportunity Employer

# EXHIBIT A

Law Enforcement and TxDOT Use ONLY

☐ FATAL  ☒ CMV  ☐ SCHOOL BUS  ☐ RAILROAD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 4 | Total Num. Prsns. | 3 | TxDOT Crash ID | 17302326.1 /2019462081 |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**
Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 4

## IDENTIFICATION & LOCATION

| *Crash Date (MM/DD/YYYY) | 09/19/2019 | *Crash Time (24HRMM) | 0 3 2 4 | Case ID | 2659357 | Local Use | |

*County Name: LIBERTY
*City Name:
☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No

Latitude (decimal degrees): 3 0 . 2 8 7 1 0
Longitude (decimal degrees): 0 9 5 . 1 2 5 7 3

### ROAD ON WHICH CRASH OCCURRED

| *1 Rdwy. Sys. | US | *Hwy. Num. | 59 | 2 Rdwy. Part | 1 | Block Num. | | 3 Street Prefix | | *Street Name | | 4 Street Suffix | |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot
☐ Toll Road/ Toll Lane
Speed Limit: 55
Const. Zone: ☒ Yes ☐ No
Workers Present: ☐ Yes ☒ No
Street Desc.

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

At Int. ☐ Yes ☒ No
1 Rdwy. Sys.: CR
Hwy. Num.: 381
2 Rdwy. Part: 1
Block Num.:
3 Street Prefix:
Street Name:
4 Street Suffix:

Distance from Int. or Ref. Marker: 75
☒ FT ☐ MI
3 Dir. from Int. or Ref. Marker: S
Reference Marker:
Street Desc.:
RRX. Num.:

## VEHICLE, DRIVER & PERSONS

Unit Num.: 1
5 Unit Desc.: 1
☐ Parked Vehicle
☐ Hit and Run
LP State: OH
LP Num.: pvy6185
VIN: 4 V 4 N C 9 T H 3 C N 5 4 1 2 1 8

Veh. Year: 2 0 1 2
6. Veh. Color: RED
Veh. Make: VOLVO
Veh. Model: UNKNOWN
7 Body Style: TT
☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: 2
DL/ID State: OH
DL/ID Num.: TG112145
9 DL Class: 98
10 CDL End.: 96
11 DL Rest.: 98
DOB (MM/DD/YYYY): 0 1 / 0 1 / 1 9 8 8

Address (Street, City, State, ZIP): 3467 ORANGE HOUSE  COLUMBUS, OH 43219

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | BARROW, SAID NOOR | N | 31 | A | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee
Owner/Lessee Name & Address: SKY TRANSPORT LLC, 3467 ORANGE HOUSE  COLUMBUS, OH 43219

Towed By: J&J TOWING(281-592-7929)
Towed To: 1013 N WASHINGTON AVE, CLEVELAND TX

Unit Num.: 2
5 Unit Desc.: 6
☐ Parked Vehicle
☐ Hit and Run
LP State: MN
LP Num.: 2218STM
VIN: 1 D T V 6 1 5 2 8 Y A 2 7 6 6 3 7

Veh. Year:
6. Veh. Color: WHI
Veh. Make: UNKNOWN
Veh. Model: UNKNOWN
7 Body Style: TL
☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type:
DL/ID State:
DL/ID Num.:
9 DL Class:
10 CDL End.:
11 DL Rest.:
DOB (MM/DD/YYYY): / /

Address (Street, City, State, ZIP):

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☐ Lessee
Owner/Lessee Name & Address: CUSMAN, CABDULLAHI AXMED, 6300 YORK AVE S APT 101  EDINA, MN 55435

Towed By: J&J TOWING(281-592-7929)
Towed To: 1013 N WASHINGTON AVE, CLEVELAND TX

Copy from Custodial File

Law Enforcement and TxDOT Use ONLY.
Form CR-3 (Rev. 1/1/2018)

| Case ID | 2659357 | TxDOT Crash ID | 17302326.1/2019462081 | Page 2 of 4 |

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

**CMV**

| Unit Num. 1 | [X] 10,001+ LBS. [ ] TRANSPORTING HAZARDOUS MATERIAL | [ ] 9+ CAPACITY | CMV Disabling Damage? [X] Yes [ ] No | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 02485217 | |
|---|---|---|---|---|---|---|---|
| Carrier's Corp. Name SKY TRANSPORT LLC | | Carrier's Primary Addr. 3467 ORANGE HOUSE   COLUMBUS, OH 43219 | | | | | 30 Veh. Type 9 |

| 31 Bus Type 0 | [X] RGVW [ ] GVWR 8 0 0 0 0 | HazMat Released [ ] Yes [ ] No | 32 HazMat Class Num. | HazMat ID Num. | | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type 3 |
|---|---|---|---|---|---|---|---|---|
| Unit Num. 2 | [X] RGVW [ ] GVWR 8 0 0 0 0 | 34 Trlr. Type 2 | CMV Disabling Damage? [ ] Yes [X] No | Unit Num. | [ ] RGVW [ ] GVWR | 34 Trlr. Type | CMV Disabling Damage? [ ] Yes [ ] No | |
| Sequence Of Events | 35 Seq. 1   20 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit [ ] Yes [X] No | Actual Gross Weight | Total Num. Axles | |

**FACTORS & CONDITIONS**

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 60 | | | | 3 | 2 | 97 | 3 | 1 | 3 | 17 |

**NARRATIVE AND DIAGRAM**

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets if Necessary)

UNITS 1 AND 2 WERE SB ON US 59 ███████████ UNITS 3 AND 4
WERE SB ON US 59 ████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████ #1
████████████████████ THE DITCH WHERE THE
VEHICLE STOPPED, FACING SOUTH, UPRIGHT, WITH DAMAGE TO ITS RIGHT
SIDE.████████████████████████ #3 HAD
DAMAGE TO ITS LEFT SIDE.

Copy from Cu

**INVESTIGATOR**

| Time Notified (24HR:MM) 0 3 2 4 | How Notified DISPATCH | Time Arrived (24HRMM) 0 4 2 0 | Report Date (MM/DD/YYYY) 0 9 / 2 0 / 2 0 1 9 | |
|---|---|---|---|---|
| Invest. Comp. [X] Yes [ ] No | Investigator Name (Printed) WHATLEY, MICHAEL TREVOR | | | ID Num. 15020 |
| ORI Num. T X D P S 1 8 0 0 | *Agency DEPARTMENT OF PUBLIC SAFETY, STATE OF TEXAS | | | Service/ Region/DA H P 2 C 0 8 |

Documents Produced by Defendants 000003

Law Enforcement and TxDOT Use ONLY

☐ FATAL  ☒ CMV  ☐ SCHOOL BUS  ☐ RAILROAD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 4 | Total Num. Prsns. | 3 | TxDOT Crash ID | 17302326.1 /2019462081 |

### Texas Peace Officer's Crash Report (Form CR-3 3/1/2018)
Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 3 of 4

**IDENTIFICATION & LOCATION**

| *Crash Date (MM/DD/YYYY) | 0 9 / 1 9 / 2 0 1 9 | *Crash Time (24HR MM) | 0 3 2 4 | Case ID 2659357 | Local Use |

| *County Name LIBERTY | | *City Name | | ☐ Outside City Limit |

In your opinion, did this crash result in at least $1,000 damage to any one person's property?  ☒ Yes  ☐ No

Latitude (decimal degrees)  3 0 . 2 8 7 1 0

Longitude — (decimal degrees)  0 9 5 . 1 2 5 7 3

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. US | *Hwy. Num. 59 | 2 Rdwy. Part 1 | Block Num. | 3 Street Prefix | *Street Name | | 4 Street Suffix |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot  ☐ Toll Road/ Toll Lane  Speed Limit 55  Const. Zone ☒ Yes ☐ No  Workers Present ☐ Yes ☒ No  Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. ☐ Yes ☒ No | 1 Rdwy. Sys. CR | Hwy. Num. 381 | 2 Rdwy. Part 1 | Block Num. | 3 Street Prefix | Street Name | | 4 Street Suffix |

| Distance from Int. or Ref. Marker 75 | ☒ FT ☐ MI | 3 Dir. from Int. or Ref. Marker S | Reference Marker | Street Desc. | | RRX Num. |

**VEHICLE, DRIVER, & PERSONS**

| Unit Num. 3 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. R403886 | VIN 3 A K J H D V 6 K S K J 2 9 6 6 |

| Veh. Year 2 0 1 9 | 6. Veh. Color WHI | Veh. Make FREIGHTLINER | Veh. Model UNKNOWN | 7 Body Style TT | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type 2 | DL/ID State TX | DL/ID Num. 15524584 | 9 DL Class A | 10 CDL End. N.P.H | 11 DL Rest. 96 | DOB (MM/DD/YYYY) 1 1 / 2 1 / 1 9 7 3 |

Address (Street, City, State, ZIP) 4930 GREN ST HOUSTON, TX 77021

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | SAULS, RODNEY JOSEPH | N | 45 | B | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 3 | SANDERS, JASON | N | 48 | B | 1 | 1 | 1 | 1 | 97 | N | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☒ Owner  ☐ Lessee  Owner/Lessee Name & Address U.S CRYO CARRIERS LLC, 407 HUNTER PARK LN HOUSTON, TX 77024

**VEHICLE, DRIVER, & PERSONS**

| Unit Num. 4 | 5 Unit Desc. 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. 106B820 | VIN 1 A 9 A 4 4 4 2 3 J H 9 3 9 4 7 0 |

| Veh. Year 2 0 1 8 | 6. Veh. Color WHI | Veh. Make UNKNOWN | Veh. Model UNKNOWN | 7 Body Style TL | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) / / |

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☒ Owner  ☐ Lessee  Owner/Lessee Name & Address US CRYO CARRIERS LLC, 407 HUNTER PARK LN HOUSTON, TX 77024

Copy from Custodial File

| Towed By SMITH TOWING (281-592-4000) | Towed To 24976 SH 321, CLEVELAND TX 77327 |

Documents Produced by Defendants 000004

Law Enforcement and TxDOT Use ONLY.
Form CR-3 (Rev. 1/1/2018)

| Case ID | 2659357 | TxDOT Crash ID | 17302326.1/2019462081 |
|---|---|---|---|

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

| Unit Num. 3 | [X] 10,001+ LBS. | [ ] TRANSPORTING HAZARDOUS MATERIAL | [ ] 9+ CAPACITY | CMV Disabling Damage? [ ] Yes [X] No | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 03060457 | |
|---|---|---|---|---|---|---|---|---|

Carrier's Corp. Name U.S CRYO CARRIERS LLC

Carrier's Primary Addr. 407 HUNTER PARK LN HOUSTON, TX 77024

30 Veh. Type 9

| 31 Bus Type 0 | [X] RGVW [ ] GVWR 8 0 0 0 0 | HazMat Released [ ] Yes [ ] No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type 4 |
|---|---|---|---|---|---|---|---|

| Unit Num. 4 | [X] RGVW [ ] GVWR 8 0 0 0 0 | 34 Trlr. Type 2 | CMV Disabling Damage? [ ] Yes [X] No | Unit Num. | [ ] RGVW [ ] GVWR | 34 Trlr. Type | CMV Disabling Damage? [ ] Yes [ ] No |
|---|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 20 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit [ ] Yes [X] No | Actual Gross Weight | Total Num. Axles |
|---|---|---|---|---|---|---|---|

## FACTORS & CONDITIONS

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| | | | | | | | | | | | |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets if Necessary)

Field Diagram - Not to Scale

Copy from Custodial File

## INVESTIGATOR

| Time Notified (24HR:MM) 0 3 2 4 | How Notified DISPATCH | Time Arrived (24HRMM) 0 4 2 0 | Report Date (MM/DD/YYYY) 0 9 / 2 0 / 2 0 1 9 |
|---|---|---|---|

| Invest. Comp. [X] Yes [ ] No | Investigator Name (Printed) WHATLEY, MICHAEL TREVOR | ID Num. 15020 |
|---|---|---|

| ORI Num. T X D P S 1 8 0 0 | *Agency DEPARTMENT OF PUBLIC SAFETY, STATE OF TEXAS | Service/ Region/DA H P 2 C 0 8 |
|---|---|---|

Documents Produced by Defendants 000005